UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BRINKER,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 18-cv-05099-SI<br><br>**ORDER:**<br>**--DENYING MOTION TO ASSIGN CASE TO SAN JOSE COURTHOUSE**<br>**--ORDERING DEFENDANT TO RESPOND TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br>**--GRANTING IN PART MOTION TO ENLARGE TIME**<br><br>Re: Dkt. Nos. 29, 31 |

On May 25 and 28, 2019, plaintiff Alan Brinker, who is representing himself pro se, filed three administrative motions in this Social Security appeal. Dkt. Nos. 29, 30, 31. The time to file any opposition has passed, and defendant has filed no opposition briefs. The Court hereby rules as follows:

**I.    Plaintiff's Motion to Assign Case to San Jose Courthouse Is DENIED.**

Plaintiff asks the Court to assign his case to the San Jose courthouse for the duration of the case because that courthouse is far closer to his home. Dkt. No. 29. He gives two additional reasons. First, he states, "While there may be no actual hearings in this case, if there are any, with my disability, I will not be able to make it to the San Francisco Court for the hearings and I do not have the facilities for calling into the hearing. I only have a cell phone [that] will not provide the quality needed for a court hearing." *Id.* at 1-2. Second, he states that he is unable to obtain pro bono services at the San Jose courthouse because they "can only help on cases in the San Jose Court. Therefore I have no legal advice available to me." *Id.* at 2. He states that he is unable to get to the San Francisco

courthouse to get pro bono help there because of his disability and an ongoing knee injury.

The Court finds that reassignment of plaintiff's case is not needed. First, as plaintiff himself notes, there are unlikely to be any hearings in this case that will require him to travel to the San Francisco courthouse in person. Social Security appeals, as appeals of administrative agency decisions, are typically resolved on the basis of the papers alone. Should the Court find it necessary to hold a hearing, the Court will ensure that plaintiff is able to participate in the hearing in light of his disabilities and cell phone quality. Second, plaintiff may obtain pro bono legal assistance from the Legal Help Center. Although the center is based out of San Francisco and Oakland, the attorneys who staff the center often meet with pro se litigants by phone. To set up a phone appointment, plaintiff should call: 415-782-8982.

Plaintiff's motion to assign this case to the San Jose courthouse is DENIED.

## II. Defendant SHALL RESPOND to Plaintiff's Motion to Compel Production of Documents, Fix and Complete the Record, and Produce an Accounting.

Plaintiff has filed a motion to compel production of documents, fix and complete the record, and produce an accounting. Dkt. No. 30. Plaintiff argues, among other things, that the administrative record in this case is incomplete and that what has been produced to him has "been mixed up in a way that makes them unusable. They are out of any order and the entire file has pages of one document copied on the back of a different, totally unrelated document, and not in any usable order . . . ." *Id.* at 2.

The Court finds that a response from defendant is warranted before it can rule on this motion. This is particularly so where there have already been problems with the production of the administrative record in this case, namely, that the record defendant originally filed was for some reason missing several pages of the ALJ decision that presumably forms the basis of this appeal. *See* Dkt. Nos. 18, 21. **The Court therefore ORDERS defendant to respond to plaintiff's motion (Dkt. No. 30) <u>no later than June 6, 2019.</u>** The Court will issue a ruling on the motion once it receives defendant's response.

2

### III. Plaintiff's Motion to Enlarge Time Is GRANTED IN PART.

Finally, plaintiff moves to enlarge the time for filing his motion for summary judgment, which was due on May 28, 2019. Dkt. No. 31. He states that he needs more time due to the problems with the production of the administrative record noted in the above motion. He also cites his homelessness and current health issues. He states that he estimates he will need a 120-day extension, and says that this is his first request to enlarge time.

The Court GRANTS IN PART plaintiff's motion to enlarge time. The Court VACATES the current deadline for plaintiff to file his motion for summary judgment, given potential questions about the completeness of the administrative record. The Court will set a new deadline for plaintiff to file his motion for summary judgment either at the same time as or after it has ruled on plaintiff's motion to compel production of documents. **However, the Court is unlikely to give plaintiff an additional 120 days to file his motion.** The Court previously gave plaintiff, at his request, a ninety-day extension to file his motion. Dkt. No. 28. At that time, the Court "caution[ed] that a ninety-day extension of the deadlines is a significant extension of time, and the Court will not be inclined to grant additional extensions in this case." *Id.* at 1-2. Given that plaintiff already received a lengthy extension, **the Court urges him to begin preparing as much as he can of his motion now and to call the courthouse's Legal Help Center (415-782-8982) as soon as possible**.

This Order resolves Docket Numbers 29 and 31. Docket Number 30 remains unresolved, pending the filing of defendant's response.

**IT IS SO ORDERED**.

Dated: June 3, 2019

_____
SUSAN ILLSTON
United States District Judge