UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BRINKER,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 18-cv-05099-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND SETTING DEADLINE FOR PLAINTIFF TO FILE MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 30 |

Plaintiff Alan Brinker has filed an administrative motion to compel production of documents, fix and complete the record, and produce an accounting. Dkt. No. 30. Plaintiff is representing himself *pro se* in this Social Security appeal. The Court previously ruled on several of plaintiff's other administrative motions, but deferred ruling on this motion and ordered that the defendant file a response. Dkt. No. 32.

Plaintiff states that the administrative record in this case is not complete, that Social Security has failed to complete the record, and that Social Security has failed and refused to give him a usable copy of the record. In her opposition, defendant states that she has certified that the administrative records filed at Docket Numbers 18 and 21 "constitute full and accurate transcripts of the entire record of proceedings relating to the administrative law judge decision dated March 2, 2015 at issue in the above-captioned matter[.]" Dkt. No. 33 at 1. Defendant further states that she has "mailed hard copies of the administrative record to Plaintiff on two separate occasions and engaged in several telephone conversations and e-mail communications with Plaintiff to address his argument that the administrative record is incomplete." *Id.* at 2. Defendant also states that her counsel has "attempted to ascertain what documents Plaintiff believed were missing" but that "Plaintiff would not identify

the documents . . . and it was unclear what specific documents he asserted were missing from the record." *Id.* Plaintiff then filed a "sur reply" presenting a "general list of categories of documents not provided." Dkt. No. 35. Plaintiff refers to a prior case involving a question of whether plaintiff worked for nine months or ten. *Id.* at 1. The sur reply also refers to hearings on the repayment issue and money that was taken from his Social Security checks.

After reviewing the papers filed in this case, as well as the administrative record produced to date, the Court DENIES plaintiff's motion to compel production of documents. In the March 2, 2015 Administrative Law Judge ("ALJ") decision that appears to be the subject of this appeal, the only issue was whether the agency correctly calculated the onset date for plaintiff's entitlement to disability insurance benefits. *See* Dkt. No. 21. In that decision, the ALJ noted that plaintiff "took the opportunity . . . to complain about a prior overpayment determination in 2008 that is not currently an issue before the undersigned for adjudication." *Id.* at 709. The ALJ also stated that plaintiff "has visited the hearing office on numerous occasions to see his file and has complained about the contends [sic] of his file. His complaints have varied from there being no evidence in his file to the field office refusing to submit sufficient evidence and in some instances, withholding evidence. His file is now swollen with pages submitted and apparently resubmitted by the claimant through the years, going back almost two decades, some of which he contended during his hearing, that he had never seen. Most of these records have nothing to do with the sole issue at hand." *Id.* at 710-11.

"[T]he District Court may not consider evidence outside of the administrative record in reviewing a claim for benefits.[] [This] court acts as an appellate court, reviewing a lower tribunal's decision. It does not act as a trier of fact, which can acquire evidence and make factual determinations." *See* Social Security Disability Law & Procedure in Federal Court § 9:58. In other words, the role of this Court is to review the final decision of the Social Security Administration. Plaintiff is entitled to receive a copy of the documents on which the agency relied in rendering its decision. But what plaintiff instead seeks are numerous documents that do not appear to be germane to the specific appeal on this Court's docket. For this reason, the Court DENIES plaintiff's motion

1 to compel production of documents.[1]

2 The Court will also not order that defendant produce another set of the administrative record for plaintiff because defendant has apparently already done so two times, and plaintiff is an ECF filer, meaning he may access an electronic version of the record online. *See* Dkt. Nos. 18, 21.

Plaintiff has asked for a 120-day extension of the deadline to file his motion for summary judgment, which was due on May 28, 2019. Dkt. No. 31. In the Court's most recent order, *see* Dkt. No. 32, the Court noted that it had already granted plaintiff a 90-day extension and at that time cautioned that this was a significant extension of time and that the Court would not be inclined to grant further extensions in this case. This case has been pending since August 2018 and the Court does not yet have a motion from plaintiff explaining what of the agency's final decision he is challenging.

The Court will grant plaintiff one further extension of 45 days to file his motion for summary judgment. **Plaintiff's motion for summary judgment is now due July 29, 2019. Defendant's opposition and cross-motion is due August 26, 2019. Plaintiff's optional reply brief is due September 9, 2019. <u>The Court is unlikely to grant further extensions</u>.** If plaintiff does not file his motion for summary judgment by the deadline, he risks having his case dismissed for failure to prosecute.

The Court reminds plaintiff that free legal information is available by phone appointment from the Legal Help Center at 415-782-8982.

**IT IS SO ORDERED**.

Dated: June 14, 2019

_____
SUSAN ILLSTON
United States District Judge

---

[1] If upon review of plaintiff's motion for summary judgment and the accompanying administrative record, it appears to the Court that germane documents are missing from the record, the Court will take corrective action at that time. However, the Court cannot undertake its review of the substance of plaintiff's appeal until plaintiff has filed his motion for summary judgment to make clear exactly what it is that he is appealing.

3